UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN LEGAL CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 25-3829 (TJK) |

**ANSWER[1]**

Defendants the Department of Homeland Security (the "Department") and its component, U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiffs' Complaint filed on October 31, 2025, in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. All allegations not specifically admitted are denied.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Compliant in like numbered

---

[1] For ease of reference, Defendant refers to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

paragraphs as follows:

1.-8.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.    Defendants admit they received FOIA requests from Plaintiffs Campaign Legal Center and American Oversight.  The remainder of the allegations in this paragraph consist of Plaintiffs' characterization of their FOIA requests, to which no response is required as the FOIA request speaks for itself, and Defendants respectfully refer the Court to the request as the best evidence of its content and denies any allegations inconsistent therewith.

10.    The allegations in Paragraph 10 consist of Plaintiffs' characterization of this action and requested relief brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required.  To the extent a response is required, Defendants deny.

## JURISDICTION AND VENUE

11.    The allegations in Paragraph 11 consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

12.    The allegations in Paragraph 12 consist of conclusions of law regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for a properly stated FOIA claim.

13.     Paragraph 13 consists of Plaintiffs' requests for relief and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## PARTIES

14.     Paragraph 14 contains Plaintiff Campaign Legal Center's characterization of itself, to which no response is required. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15.     Paragraph 15 contains Plaintiff American Oversight's characterization of itself, to which no response is required. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16.     Defendants admit that USCIS is a component of DHS, headquartered in Camp Springs, Maryland, and a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

## STATEMENT OF FACTS

17.     Defendants admit they received a FOIA requests from Plaintiffs Campaign Legal Center and American Oversight on August 7, 2025.  Defendants presently lack knowledge or information sufficient to form a belief as to the truth that Plaintiffs submitted FOIA requests to "several" other agencies and therefore deny this allegation.  Defendants respectfully refer the Court to the FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

### *Directives & Training Request*

18.     Defendants admit that they received a FOIA request from Plaintiffs Campaign Legal Center and American Oversight on August 7, 2025, in which Plaintiffs included a citation to "DHS-

USCIS-25-1963." The remaining allegations in Paragraph 18 consist of Plaintiffs' characterization of the FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

19.     Defendants admit they acknowledged receipt of the August 7, 2025, FOIA request that included the citation to "DHS-USCIS-25-1963" on September 22, 2025.    Defendants respectfully refer the Court to the acknowledgment letter as the best evidence of its contents and deny any allegations inconsistent therewith.

20.     Defendants admit that as of the date of Plaintiffs' complaint, Defendants had not provided Plaintiffs with further communication regarding the FOIA request.

*Contracts Request*

21.     Defendants admit that they received a FOIA request from Plaintiffs Campaign Legal Center and American Oversight on August 7, 2025, in which Plaintiffs included a citation to "DHS-USCIS-25-1967." The remaining allegations in Paragraph 21 consist of Plaintiffs' characterization of the FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request as the best evidence of its contents and deny any allegations inconsistent therewith.

22.     Defendants admit that they acknowledged receipt of the August 7, 2025 FOIA request that included the citation to "DHS-USCIS-25-1967" on September 25, 2025. Defendants respectfully refer the Court to the acknowledgment letter as the best evidence of its contents and deny any allegations inconsistent therewith.

23.     Defendants admit that as of the date of Plaintiffs' complaint they had not provided Plaintiffs with further communication regarding the FOIA request.

*Exhaustion of Administrative Remedies*

4

24.    Defendants admit that they have not notified Plaintiffs of a final determination regarding Plaintiffs' August 7, 2025, FOIA requests subject to this litigation nor produced the requested records in response to those requests.  The remainder of the allegations in Paragraph 24 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

25.    Paragraph 25 consists of conclusions of law to which no response is required.

## COUNT I

**Violation of FOIA, 5 U.S.C. 552**
**Failure to Conduct Adequate Searches for Responsive Records**

26.    Defendants reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

27.    Paragraph 27 consists of conclusions of law to which no response is required.

28.    Defendants admit that they are a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

29.    Paragraph 29 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

30.    Paragraph 30 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

31.    Paragraph 31 consists of Plaintiffs' requests for relief and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## COUNT II

**Violation of FOIA, 5 U.S.C. 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

32.     Defendants reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

33.     Paragraph 33 consists of conclusions of law to which no response is required.

34.     Paragraph 34 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

35.     Paragraph 35 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

36.     Paragraph 36 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

37.     Paragraph 37 consists of Plaintiffs' requests for relief and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiffs are entitled to any of the relief requested.

## DEFENSES

Defendants assert the defenses listed below to claims alleged in the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.  Defendants reserve the right to amend, alter, and supplement the defenses contained in this Amended Answer as additional facts and circumstances giving rise to the Complaint become known to it through the course of this litigation.

## FIRST DEFENSE

6

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests, and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiffs' FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

## FOURTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

## FIFTH DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

## SIXTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiffs under FOIA.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not

otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").


Dated:  December 3, 2025
        Washington, DC

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        By: /s/  *Bisola Oni*
                                            BISOLA ONI
                                            D.C. Bar #90006216
                                            Assistant United States Attorney
                                            601 D Street NW
                                            Washington, DC 20530
                                            (202) 740-2243
                                            bisola.oni@usdoj.gov

                                        *Attorneys for the United States of America*